Johnson v. Blazer.

---

DWIGHT E. JOHNSON v. CHAS. L. BLAZER ET AL.

[FILED JANUARY 27, 1892.]

Review: EVIDENCE examined, and found to sustain the decree of the court below foreclosing a mechanic's lien on the real estate in controversy.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Montgomery & Montgomery,* for plaintiff in error.

*John P. Davis,* for appellee Blazer.

*Fawcett & Sturdevant,* for appellee Johnson.

NORVAL, J.

This action was commenced in the court below by Dwight E. Johnson to have declared forfeited a written contract entered into between himself and the defendant Charles E. Blazer, whereby the plaintiff had agreed to convey to Blazer, upon his making certain payments, the west forty feet of the north one-half of lot 6, in block 5, in Orchard Hill addition to the city of Omaha. To the action John A. Wakefield, who claimed a mechanic's lien on the property, was made a defendant. Wakefield in his cross-petition claims a mechanic's lien in the sum of $633.21 and interest thereon, on account of materials furnished by him to said Blazer for the construction of a house upon the lot in controversy. The answer of Johnson and Blazer to the cross-petition deny that the materials described in Wakefield's claim for lien were furnished for or used in the erection of the building upon said lot, and aver that the account of said Wakefield against Blazer has been paid in full.

The district court found that Wakefield had furnished Blazer, to be used in the construction of a building on said lot, materials to the amount of $633.21; that Blazer had paid thereon the sum of $615.71, and that there was due Wakefield upon his account the sum of $17.50, for which amount he was given a lien upon the premises. Wakefield appeals.

It is contended by appellant that under the evidence he was entitled to a lien for the full amount of his claim; that the value of the materials furnished by Wakefield to Blazer, after deducting those returned, was $633.21, is fully proven. The controversy in this court is over the credit of $615.71 allowed Blazer by the trial court.

It is established by the undisputed testimony that at the time of the purchase of the materials, for which appellant claims a lien, Blazer was indebted to him on two promis-

sory notes amounting to $800 or $900, which indebtedness was secured by a land contract on a lot in one of the additions to Omaha.   In the summer of 1888, Wakefield was a wholesale and retail lumber dealer in Omaha, and Blazer was running a saw mill in Missouri and shipping to and selling in Omaha lumber in car load lots.   Some time during the month of August of that year Blazer entered into a contract with Wakefield, by which the latter agreed to furnish the former the materials for the construction of a dwelling on the lot above referred to, which materials were subsequently delivered to Blazer as agreed.

There is in the bill of exceptions testimony tending to show that as a part of the same contract Blazer agreed to ship to Wakefield some cars of lumber, for which appellant promised to pay one-half in cash and was to give Blazer credit for the other half upon the lumber which Wakefield was to furnish Blazer for the construction of the house in Omaha.   Appellant contends the agreement was that one-half of the value of the lumber to be shipped to him by Blazer was to be credited upon the indebtedness of Blazer to Wakefield, evidenced by the notes mentioned above.   The uncontradicted testimony shows that soon after the agreement was made, Blazer shipped to Wakefield five cars of lumber, which were received by him. This lumber was of the value of $665.71, and appellant has paid Blazer thereon $50, and no more, and claims the balance should be credited upon the notes which he held against Blazer, and not upon the account for which he claims a lien.

Charles W. Blazer testified that the agreement was that one-half of the price of the lumber to be shipped by him to Wakefield was to be applied toward the payment of the materials which appellant was to furnish for the erection of Blazer's building.   His testimony is corroborated by the witness J. A. Walker.

While the appellant, when first interrogated upon the

subject of the agreement, testified that it was agreed that one-half of the price of the lumber Blazer was to ship was to be applied on his indebtedness, he afterwards testified he did not know whether he was to credit it on the account or on the indebtedness. It further appears that the appellant, on his books, charged Blazer with the lumber furnished for the building, and on the same account credited Blazer with the price of the five cars of lumber. On September 25, after most of the cars of lumber had been received, Blazer gave Wakefield a new note and took up the old one. No credit was given for the lumber previously received by Wakefield, but the renewal note was given for the full amount of the one taken up.

After a careful reading of the testimony in the bill of exceptions we are convinced that Blazer was entitled to a credit upon the account sued on for the value of these five cars of lumber, less the $50, which Wakefield had paid.

The findings of the district court are sustained by the evidence, and the judgment is

AFFIRMED.

THE other judges concur.